IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TIMOTHY LANEAL PAYNE                                                      PLAINTIFF

VS.                                                      CIVIL ACTION NO. 3:12cv415-FKB

TYRONE LEWIS, et al.                                                      DEFENDANTS

<u>ORDER</u>

Plaintiff was formerly a pretrial detainee at the Hinds County Detention Center in

Raymond, Mississippi  (HCDC).  He brought this action pursuant to 42 U.S.C. § 1983

alleging unconstitutional conditions at the detention center.  Presently before the Court is

Defendants' motion for summary judgment.  Having considered Plaintiff's complaint, his

testimony at the *Spears*[1] hearing, and the other competent evidence, the Court concludes

that the motion should be granted in part and denied in part.

Payne alleges that on March 9, 2012, he and his cell mate at HCDC were attacked

by five convicts from another unit.  As a result of the attack, Plaintiff sustained three stab

wounds and a broken jaw.  Plaintiff contends that one of the causes of the assault was the

general security situation at HCDC.  According to Plaintiff, violent, convicted offenders are

not supervised sufficiently and are allowed to move freely throughout the facility and to

enter the cells of pretrial detainees.

Plaintiff has failed to state a claim against most of the defendants.  His allegations

against Warden Calvin Matthews, Captain Mike Ivy, Lieutenant Stanley Thurmond, and

Lieutenant Shannon Brumfield all concern these individuals' actions *after* the alleged

---

[1]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

assault.  Specifically, Payne believes that they did not properly investigate the incident.

These allegations implicate no constitutional right.  As to Defendants Jerry Durham and

Nick Jones, Payne claims that had these officers been at their proper posts, they could

possibly have prevented the attack.  At most, Plaintiff's allegations sound in negligence.

He has not alleged that these defendants were deliberately indifferent to some known risk

of substantial harm.   *See Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996).  His

claims against Shawanda Owens, the nurse whom he says treated him for his injuries,

likewise fail.  Payne's complaints that Defendant Owens should have given him a tetanus

shot and paid more attention to his injuries do not rise to the level of deliberate

indifference to a "substantial risk of serious medical harm."  *See Wagner v. Bay City, Tex.*,

227 F3d 316, 324 (5th Cir. 2000).

Payne's allegations against Sheriff Tyrone Lewis are another matter.  Lewis

contends that he is entitled to summary judgment because Plaintiff has alleged no

personal involvement on his part in the attack.  This argument misses the mark.  Plaintiff's

allegations and testimony describe a widespread practice of  failing to protect pretrial

detainees from contact with violent convicted offenders and otherwise failing to provide

adequate security at the detention center.  Payne is claiming that Lewis maintained a

custom or policy of inadequate security, including free movement of violent offenders

throughout the detention center, that this custom or policy was adopted or maintained by

Lewis with objective deliberate indifference, and that it was the moving force behind the

attack on Plaintiff.  These allegations state a constitutional claim against Lewis.  *See*

*Cozzo v. Tangipahoa Parish*, 279 F.3d 273, 289 (5th Cir. 2002).

The Court further finds that Lewis is not entitled to qualified immunity at this stage.

A plaintiff overcomes a qualified-immunity defense by showing (1) that the defendant violated plaintiff's statutory or constitutional rights, and (1) that the defendant's actions were objectively unreasonable in light of clearly established law.  *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011).   The Court has already concluded that Plaintiff has stated a claim for the violation of Payne's right under the Fourteenth Amendment to be protected from harm.  The remaining question is whether, assuming the truth of Plaintiff's allegations, Lewis's actions were objectively unreasonable, i.e., whether the contours of the right were "sufficiently clear" that "every reasonable official would have understood" that his actions violated that right.   *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011).  The Court concludes that any reasonable official would have understood that allowing violent, convicted offenders to move about freely throughout the detention center and, specifically, to go into the cells of pretrial detainees, would violate detainees' rights.  Lewis is not entitled to qualified immunity at this stage in the proceedings.

For these reasons, the motion is denied as to Defendant Lewis.  The motion is granted as to the remaining defendants, and they are hereby dismissed.

SO ORDERED this the 12th day of November, 2013.

/s/ F. Keith Ball

_____

UNITED STATES MAGISTRATE JUDGE